## No. 9776.

### LINDSLEY, ET AL. *v*. CITY AND COUNTY OF DENVER.

Decided February 7, 1921.   Rehearing denied April 4, 1921.

Proceeding involving the allowance of attorney fees by trial court.   Order of allowance vacated.

### *Affirmed.*

1. APPEAL AND ERROR—*Right of Trial Judge to Appear.* The fact that a petition to a court of review for a writ of certiorari alleges that the trial court removed a receiver without notice to the parties in interest; that the order was arbitrary in character and made without jurisdiction, gives the trial judge no right to appear in the appellate court, either in person or by attorney, to defend his judgment.

2. CERTIORARI—*Question Involved.* In a review on certiorari, the only question to be considered is that of jurisdiction, and whether the trial court acted arbitrarily, or justly and wisely, is wholly immaterial.

3. ATTORNEY FEES—*Allowance by Court.* A county, not a party to a suit and having no interest in it, cannot be made liable therein for attorney fees by order of the trial court.

*Error to the District Court of the City and County of Denver, Hon. A. C. McChesney, Judge.*

Mr. THOMAS R. WOODROW, Mr. H. E. LUTHE, Mr. SAMUEL E. MARSHALL, Mr. HENRY A. LINDSLEY, for plaintiffs in error.

Mr. JAMES A. MARSH, Mr. ERNEST MORRIS, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court..

THIS is a controversy growing out of the removal of the receiver of The Yule Marble Company by Judge Mullins, sitting as a judge of the District Court of the City and County of Denver. Parties aggrieved by the order of removal obtained from this court a writ of certiorari, on a petition alleging that the court was without jurisdiction to enter the order under the circumstances of the case. Later, on a petition alleging that the court was about to proceed further in the receivership matter, a writ of prohibition issued out of this court, directed to said court and the judge thereof. After the issue of the two writs the District Court entered an order that the plaintiffs in error be allowed $1,000 each for their services in the matters of certiorari, and prohibition pending in this court, the same to be taxed to the City and County of Denver.

Thereupon the city filed its petition in intervention, with a petition that the order charging the city with said attorney's fees be vacated. In the meantime the term of office of Judge Mullins had expired. His successor in office called in a judge from another district, who, on a hearing had, vacated said order. The cause is now here on error.

For the plaintiffs in error it is contended that the petitions filed in this court attacked the District Court, impugned the motives of the judge, and thus reflected on the court, as such; because of which he is entitled to defense in this court. We are unable to agree with this proposition, either as a statement of fact, or as a conclusion of law. The petition for the writ of certiorari alleged that the order removing the receiver was made without notice to the parties in interest, was arbitrary in character, and made without jurisdiction in the court to make it. If such were the facts the court committed error; and no judge, it will be presumed, is pleased by a finding that he has committed error in a cause. That fact, however, gives him no right to appear, either in person or by attorney, to defend his judgments.

The dignity of the court, which counsel say was attacked

by the petitions, was no more involved than it is in any case in which error is charged. If there was any suggestion of wrong motives on the part of the judge, this is not the forum in which he may find relief therefor.

In a review on certiorari the only question to be considered is that of jurisdiction. Whether the court acted arbitrarily, or justly and wisely, is wholly beside the mark. There was, then, nothing before this court which involved the integrity, or good faith of the trial·judge; nothing in which he had a right to appear or be represented. So far as this court is concerned, action by a trial court in excess of, or without jurisdiction, from a good motive, is neither better nor worse than thus acting from a bad motive. We have to determine only a single legal question.

In any event, if the question were one involving a public concern, the City of Denver, not being a party to the cause, and having no special interest in it, would be no more liable for attorney's fees in the matter than would be any other county of the state.

It appearing, thus, that the order allowing attorney's fees was wholly unauthorized by law, it is unnecessary to consider the other questions discussed in the briefs.

The judgment is affirmed.